Hillsborough,
No. 4816.

WESLEY WATSON & a.

*v.*

WALDO N. YOUNG & a.

Argued February 2, 1960.
Decided February 29, 1960.

*Broderick, Manning & Sullivan* (*Mr. Manning* orally), for the plaintiffs.

*Walter A. Pillsbury* (by brief and orally), for the defendants.

BLANDIN, J.   The issue before us is whether the testator, Joseph B. Young, intended that his heirs were to be ascertained as of the date of his death or at the time of the decease of the life tenant, his daughter Bertha A. Young Platts.   It is elementary in such situations that each case must be decided upon its own peculiar facts and that previous decisions, unless depending on practically similar facts, are neither controlling nor in most instances even persuasive.   *Holmes* v. *Alexander*, 82 N. H. 380, 383; *Remick* v. *Merrill*, 80 N. H. 225, 227.

Here the will was obviously not the work of an experienced draftsman, and the language is not always as clear as one might wish.   Nevertheless, certain salient facts appear.   It was drawn in 1915, and it was then reasonable for the testator to assume that his daughter Bertha, to whom he gave a life· estate, would live for many years.   That he had in mind that she might have children is obvious from the provisions of his will.   However, he provided that if at her death "should she leave no children, then said Estate shall return to my heirs, as it is my desire that said Real Estate shall remain in my Heirs families."   He further added the provision that his heirs could sell his real estate when his daughter Bertha "may have passed away."   Not only do these provisions look to the future (*Colony* v. *Colony*, 97 N. H. 386, 392), but the testator's primary intent seems reasonably plain that in the event of his daughter Bertha's death without children, he wished to be certain that this family homestead would remain a family homestead and "return" to those who should be his heirs at the time of her death.   *Romprey* v. *Brothers*, 95 N. H. 258, 261; see *Holmes* v. *Alexander*, 82 N. H. 380, 383.   Furthermore, to follow the plaintiffs' contention and permit Bertha to dispose of the property by

will would be to give her the power to transfer it to someone outside the family, which seems to us to be the very contingency the testator wished to avoid.

We are aware of the general rule that when property is devised or bequeathed by will to heirs or next of kin, they are to be ascertained as of the date of the testator's death. *Simes* v. *Ward*, 78 N. H. 533. However, it is equally true that this general rule must yield to the intent of the testator. *Burpee* v. *Picard*, 94 N. H. 307, 309. Here the impression produced by the will as a whole, construed in the light of the surrounding circumstances, is that the testator desired his heirs to be determined as of the date of the death of his daughter Bertha, the life tenant.

At the time of her death, the heirs of the testator were all his grandchildren, and standing in equal degree of relationship to him, they should therefore inherit equal shares. *Remick* v. *Merrill*, 80 N. H. 225, 230.

It follows that the proceeds of the sale of the disputed property are to be distributed one-quarter to the plaintiff and one-quarter to each of the three defendants.

*Remanded.*

All concurred.